UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO.

LYNN A. PARISI,

    Plaintiff,

v.

FIRSTSOURCE ADVANTAGE, LLC,

    Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3.    Plaintiff, LYNN A. PARISI, is a natural person, and citizen of the State of Florida, residing in Pasco County, Florida.

4.     Defendant, FIRSTSOURCE ADVANTAGE, LLC, is a limited liability company and citizen of the State of New York with its principal place of business at 205 Bryant Woods South, Amherst, New York 14228.

5.     Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.     Defendant regularly collects or attempts to collect debts for other parties.

7.     Defendant is a "debt collector" as defined in the FDCPA.

8.     Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.     Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10.     Defendant left the following messages on Plaintiff's voice mail on her residential and cellular telephone as indicated on or about the dates stated:

> January 22, 2009 at 8:06 PM on Lynn's Cellular Telephone
> This is a confidential and important message intended for Lynn Parisi. Ms. Parisi, this is Mr. Menik. I am calling from Firstsource Advantage. Ma'am I do need a return call regarding the file that has been forwarded over to my office. This is not a sales or solicitation call. Ms. Parisi, you do have an important business matter in my office that does need to be resolved. Contact me toll free at 866-505-5987. When returning the call, ask for reference number 12305586. Ma'am it is important that I do receive a return call. You may reach the office until 9 PM this evening or anytime after 8 AM tomorrow morning. Thank you.

January 22, 2009 at 8:08 PM on Lynn's Home Telephone
This is a confidential and important message intended for Lynn Parisi. Ms.
Parisi, this is Mr. Menik. I am calling from Firstsource Advantage. Ma'am I
do need a return call in regards to the file that has been forwarded over to
my office. This is not a sales or solicitation call, ma'am. You do have an
important business matter in my office that needs to be resolved. Contact me
toll free at 866-505-5987. When returning the call, Ms. Parisi, ask for
reference number 12305586. It is important that I do receive a return call as
soon as possible. You may reach the office until 9 PM this evening or
anytime after 7 AM tomorrow morning. Thank you.

January 26, 2009 at 8:18 AM on Lynn's Cellular Telephone
Hello, this message is once again intended for Lynn Parisi. Ms. Parisi, this is
Mr. Minik. I'm calling from Firstsource Advantage. Ma'am I do need a
return call regarding your file that has been forwarded over to my office.
This is not a sales call ma'am. You do have an important business matter in
my office that needs to be resolved. Contact me at 866-505-5987. When
returning the call ask for reference number 12305586. It is important that I
do receive a return call today, Ms. Parisi. You may reach my office until 9
PM.

January 26, 2009 at 8:20 AM on Lynn's Home Telephone
Hello. This message is intended for Lynn Parisi. Ms. Parisi, this is Mr.
Menik. I am calling from Firstsource Advantage. Ma'am I do need a return
call regarding your file that has been forwarded over to my office. This is
not a sales call, ma'am. You do have an important business matter in my
office that needs to be resolved. Contact me at 866-505-5987. When
returning the call, Ms. Parisi, ask for reference number 12305586. It is
important that I do receive a return call today, ma'am. You may reach this
office until 9 PM.

January 29, 2009 at 2:23 PM on Lynn's Cellular Telephone
Hello, this message once again intended for Lynn Parisi. Ms. Parisi, this is
Mr. Minik. I'm calling from Firstsource Advantage. Ma'am, I do need a
return call regarding your file that has been forwarded over to my office.
This is not a sales call Ms. Parisi. You do have an important business matter
in my office that needs to be resolved. Contact me at 866-505-5987. When
returning the call ask for reference number 12305586. You may reach this
office until 9 PM today, ma'am.

3

<u>January 29, 2009 at 2:24 PM on Lynn's Home Telephone</u>
Hello. This is a confidential and important message intended for Lynn Parisi.
Ms. Parisi, this is Mr. Menik. I am calling once again from Firstsource
Advantage. Ma'am I do need a return call in regards to your file that has
been forwarded over to my office. Again, this is not a sales call. You have
an important business matter that needs to be resolved. Contact me at 866-
505-5987. When returning the call, ask for your reference number
12305586. Again, ma'am, it is important that I do receive a return call today.
You may reach the office until 9 PM.

<u>January 30, 2009 on Lynn's Cellular Telephone</u>
Hello, this message is intended for Lynn Parisi. Ms. Parisi, this is Mr. Minik.
I'm calling from Firstsource Advantage. Ma'am, I do need an immediate
return call in regards to your file in my office. This is not a sales call, Ms.
Parisi. I do need to hear from you before 8 PM today. Contact me at 866-
505-5987. When returning the call ask for your reference number 12305586.

<u>February 11, 2009 – Pre-Recorded Message on Lynn's Cellular Telephone</u>
This is a confidential and important message meant solely for Lynn A.
Parisi. If you are not Lynn A. Parisi, do not listen to this message. By
continuing to listen to this message, you are acknowledging that you are
Lynn A. Parisi. The law requires that we notify you that this is a call from
Firstsource Advantage, LLC, a debt collection company. This is an attempt
to collect a debt and any information obtained will be used for that purpose.
Please call our office toll free today at 866-505-5988. Thank you.

<u>February 12, 2009 – Pre-Recorded Message on Lynn's Cellular Telephone</u>
This is a confidential and important message meant solely for Lynn A.
Parisi. If you are not Lynn A. Parisi, do not listen to this message. By
continuing to listen to this message, you are acknowledging that you are
Lynn A. Parisi. The law requires that we notify you that this is a call from
Firstsource Advantage, LLC, a debt collection company. This is an attempt
to collect a debt and any information obtained will be used for that purpose.
Please call our office toll free today at 866-505-5988. Thank you.

<u>February 23, 2009 – Pre-Recorded Message on Lynn's Cellular Telephone</u>
This is a confidential and important message meant solely for Lynn A.
Parisi. If you are not Lynn A. Parisi, do not listen to this message. By
continuing to listen to this message, you are acknowledging that you are

4

Lynn A. Parisi. The law requires that we notify you that this is a call from Firstsource Advantage, LLC, a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please call our office toll free today at 866-505-5988. Thank you.

February 24, 2009 – Pre-Recorded Message on Lynn's Cellular Telephone
This is a confidential and important message meant solely for Lynn A. Parisi. If you are not Lynn A. Parisi, do no listen to this message. By continuing to listen to this message, you are acknowledging that you are Lynn A. Parisi. The law requires that we notify you that this is a call from Firstsource Advantage, LLC, a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please call our office toll free today at 866-505-5988. Thank you.

February 25, 2009 – Pre-Recorded Message on Lynn's Cellular Telephone
This is a confidential and important message meant solely for Lynn A. Parisi. If you are not Lynn A. Parisi, do not listen to this message. By continuing to listen to this message, you are acknowledging that you are Lynn A. Parisi. The law requires that we notify you that this is a call from Firstsource Advantage, LLC, a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please call our office toll free today at 866-505-5988. Thank you.

March 4, 2009 – Pre-Recorded Message on Lynn's Cellular Telephone
If you have recently received a letter from Firstsource Advantage, LLC, this confidential and important message is meant only for you. If you have not received such a letter you will now have 3 seconds to cease listening to this message. The law requires we notify you that this is a call from Firstsource Advantage LLC, a debt collect company. This is an attempt to collect a debt and ant information obtained will be used for that purpose. Please call our office toll free today at 1-866-505-5987. Thank you.

December 29, 2009 on Lynn's Residential Telephone
This is a confidential and important message meant solely for Lynn Parisi. This is Henry Cathy with Firstsource Advantage, LLC. It's very important that you return my call. Call me toll-free at 888-267-5214 and refer to reference number 14455901. Office will be open until 9 o'clock EST. Thank you.

April 19, 2010 on Lynn's Residential Telephone

Hello, this message is for Lynn Parisi. This is Joe calling from Firstsource Advantage, LLC. It's very important that you return my call. You can call me toll-free at 1-888-267-5214 and refer to reference number 14455901. Our office will be open today until 9:00 PM Eastern time and you can reach us tomorrow morning beginning at 8:00 AM Eastern Standard Time. Thank you.

11.     Defendant left similar or identical messages on other occasions.

(Collectively, "the telephone messages").

12.     The messages are "communications" as defined by 15 U.S.C.

§1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-

Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13.     Defendant failed to inform Plaintiff in the messages that the

communication was from a debt collector and failed to disclose the purpose of

Defendant's messages.

14.     Defendant used an automatic telephone dialing system or a pre-

recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

15.     Plaintiff did not expressly consent to Defendant's placement of

telephone calls to Plaintiff's cellular telephone by the use of an automatic

telephone dialing system or a pre-recorded or artificial voice prior to Defendant's

placement of the calls.

16.     None of Defendant's telephone calls placed to Plaintiff were for

"emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

17.     Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

18.   Plaintiff incorporates Paragraphs 1 through 17.

19.   Defendant failed to disclose in the telephone messages that it is a debt

collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F.

Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S.

Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs.,

2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

      a.   Damages;

      b.   Attorney's fees, litigation expenses and costs of suit; and

      c.   Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

20.   Plaintiff incorporates Paragraphs 1 through 17.

21.   Defendant placed telephone calls to Plaintiff without making

meaningful disclosure of its identity when it failed to disclose that it is a debt

collector and the purpose of Defendant's communication in the telephone

messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group,*

*Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008,

(S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F.
Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp.
2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of
Plaintiff and against Defendant for:

  a.  Damages;

  b.  Attorney's fees, litigation expenses and costs of suit; and

  c.  Such other or further relief as the Court deems proper.

**COUNT III**
**TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING**

22. Plaintiff incorporates Paragraphs 1 through 17.

23. Defendant caused Plaintiff's telephone to ring repeatedly or
continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C
§1692d(5). See *Sanchez v. Client Servs.*, 520 F. Supp. 2d 1149, 1160-1161 (N.D.
Cal. 2007).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of
Plaintiff and against Defendant for:

  a.  Damages;

  b.  Attorney's fees, litigation expenses and costs of suit; and

  c.  Such other or further relief as the Court deems proper.

**COUNT IV**

## TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS TO A CELLULAR TELEPHONE

24.　Plaintiff incorporates Paragraphs 1 through 17.

25.　Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, in violation of 15 U.S.C §1692d.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.　Damages;

b.　Attorney's fees, litigation expenses and costs of suit; and

c.　Such other or further relief as the Court deems proper.

## COUNT V
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

26.　Plaintiff incorporates Paragraphs 1 through 17.

27.　Defendant asserted the right to collect a debt by leaving repeated telephone messages for Plaintiff without disclosing that it is a debt collector and the purpose of its communications when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.  Damages;

b.  Attorney's fees, litigation expenses and costs of suit;

c.  declaring that Defendant's practices violate the FCCPA;

d.  permanently injoining Defendant from engaging in the complained of practices; and

e.  Such other or further relief as the Court deems proper.

## COUNT VI
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

28.  Plaintiff incorporates Paragraphs 1 through 17.

29.  By failing to disclose that it is a debt collector and the purpose of its communication, by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, and by telephoning Plaintiff with such frequency as can be reasonably be expected to harass, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

30.  The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.     Damages;

b.     Attorney's fees, litigation expenses and costs of suit;

c.     declaring that Defendant's practices violate the FCCPA;

d.     permanently injoining Defendant from engaging in the complained of practices; and

e.     Such other or further relief as the Court deems proper.

## COUNT VII
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

31.     Plaintiff incorporates Paragraphs 1 through 17.

32.     Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.     Damages;

b.     a declaration that Defendant's calls violate the TCPA;

c.     a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of any person using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of the called party; and

d.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Ft. Lauderdale, FL 33339
Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com


By:_____
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

12