IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**CASE NO. 10-CV-1991-EAK-EAJ**

LYNN A. PARISI,

       Plaintiff,

v.

FIRSTSOURCE ADVANTAGE, LLC

       Defendant.

_____/

## DEFENDANT, FIRSTSOURCE ADVANTAGE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, the Defendant, **FIRSTSOURCE ADVANTAGE, LLC**, by and through

its undersigned counsel, and hereby file its Answer and Affirmative Defenses to Plaintiff's

Complaint and herein states as follows:

1.    Admitted that this case is an action brought by Plaintiff under the Fair Debt Collection Practices Act ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §227, *et. seq.* All remaining allegations contained in paragraph 1 of Plaintiff's Complaint are denied.

### JURISDICTION AND VENUE

2.    Admitted that this Court has jurisdiction over Plaintiff's federal law claims. Defendant is without sufficient knowledge to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint, and therefore denies said allegations.

### PARTIES

3.    Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, and therefore denies said allegations.

4.    Admitted.

5.    Admitted.

6.      Admitted.

7.      Admitted that under certain circumstances, Defendant may be a "debt collector" as that term is defined in the 15 U.S.C. §1692a(6).  All other allegations contained in paragraph 7 of Plaintiff's Complaint are denied.

8.      Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint, and therefore denies said allegations.

## FACTUAL ALLEGATIONS

9.      Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and therefore denies said allegations.

10.     Admitted that Defendant attempted to contact Plaintiff via telephone to collect on a delinquent account.  Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and therefore denies said allegations.

11.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and therefore denies said allegations.

12.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and therefore denies said allegations.

13.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, and therefore denies said allegations.

14.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and therefore denies said allegations.

15.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, and therefore denies said allegations.

16.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, and therefore denies said allegations.

17.     Denied;

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

18.     All allegations incorporated by reference in paragraphs 1 through 17 of the Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

19.     Denied; Defendant demands strict proof thereof;

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

20.     All allegations incorporated by reference in paragraphs 1 through 19 of the Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

21.     Denied; Defendant demands strict proof thereof;

## COUNT III
## TELEPHONE HARASSMENT AND ABUSE BY EXCESSIVE CALLING

22.     All allegations incorporated by reference in paragraphs 1 through 21 of the Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

23.     Denied; Defendant demands strict proof thereof;

## COUNT IV
## TELEPHONE HARASSMENT AND ABUSE FOR UNAUTHORIZED CALL TO A CELLULAR TELEPHONE

24.     All allegations incorporated by reference in paragraphs 1 through 23 of the Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

25.     Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and therefore denies said allegations.

All other allegations of Plaintiff's Complaint not otherwise specifically admitted or denied herein are denied.

## COUNT V
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

26. All allegations incorporated by reference in paragraphs 1 through 25 of the Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

27. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, and therefore denies said allegations.

All other allegations of Plaintiff's Complaint not otherwise specifically admitted or denied herein are denied.

## COUNT VI
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

28. All allegations incorporated by reference in paragraphs 1 through 27 of the Complaint are admitted and denied in the same manner and to the same extent as said allegations are otherwise admitted and denied herein.

29. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, and therefore denies said allegations.

30. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, and therefore denies said allegations.

## COUNT VII
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

31. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, and therefore denies said allegations.

32. Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, and therefore denies said allegations.

All other allegations of Plaintiff's Complaint not otherwise specifically admitted or denied herein are denied.

## AFFIRMATIVE DEFENSES

First Affirmative Defense

1.      Defendant affirmatively alleges that the alleged actions of the Defendant and its agents and employees are protected by the "bona fide error" defense pursuant to 15 U.S.C. §1692k and Florida Consumer Collection Practices Act, *§559.55 et seq.* since such actions or inactions, if they occurred, were not intentional and resulted from a bona fide error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such an errors.

Second Affirmative Defense

2.      Defendant affirmatively alleges that to the extent that any allegations exceed one (1) year from the date of filing the Complaint, such claims or allegations are barred by the one (1) year statute of limitations under the Fair Debt Collection Practices Act.

Third Affirmative Defense

3.      Defendant affirmatively alleges that to the extent that any allegations exceed two (2) years from the date of filing the Complaint, such claims or allegations are barred by the two (2) years statute of limitations under Florida's Consumer Collection Practices Act.

Fourth Affirmative Defense

4.      Defendant affirmatively alleges that the Plaintiff failed to mitigate damages, if any, in this case.

Fifth Affirmative Defense

5.      Defendant affirmatively alleges that the Plaintiff is not entitled to declaratory or injunctive relief under the Fair Debt Collection Practices Act.

Sixth Affirmative Defense

6.      At all pertinent times, Defendant acted in good faith reliance on the information provided by the creditor of the account.

Seventh Affirmative Defense

7.      Defendant affirmatively alleges that the Plaintiff's Complaint fails to state a claim upon which relief can be granted.

Eighth Affirmative Defense

8.      Defendant affirmatively alleges that the Plaintiff's TCPA fails to state a claim upon which relief can be granted as Defendant had prior expressed consent.

Ninth Affirmative Defense

9.      Defendant affirmatively alleges that the Defendant lacks the requisite actual knowledge to violate Section 559.72(9) Fla. Stat.

WHEREFORE, Defendant requests that this Court dismiss Plaintiff's Complaint at Plaintiffs' cost, and that Defendant be awarded reasonable attorney fees and costs as provided for under applicable law.

Respectfully submitted,

/s/Ernest H. Kohlmyer, III
Ernest H. Kohlmyer, III, Esquire
Florida Bar No. 0110108
SOUTH MILAHAUSEN, P.A.
Gateway Center
1000 Legion Place, Suite 1200
Orlando, Florida   32801
(407) 539-1638
(407) 539-2679 (fax)
skohlmyer@southmilhausen.com
Attorney for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing ANSWER was filed and served on **October 7, 2010**, via the

Court Clerk's CM/ECF system which will provide notice to the following:

> Donald A. Yarbrough, Esq.
> P.O. Box 11842
> Ft. Lauderdale, FL 33339

> /s/Ernest H. Kohlmyer, III
> Ernest H. Kohlmyer, III, Esquire
> Florida Bar No. 0110108
> SOUTH MILAHAUSEN, P.A.
> Gateway Center
> 1000 Legion Place, Suite 1200
> Orlando, Florida   32801
> (407) 539-1638
> (407) 539-2679 (fax)
> skohlmyer@southmilhausen.com
> Attorney for Defendant

7