UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LYNN A. PARISI

    Plaintiff,

                                                      **Case No.: 10-cv-01991-EAK-EAJ**

vs.

FIRSTSOURCE ADVANTAGE, LLC,

    Defendant.

_____/

## **DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

COMES NOW, the Defendant, Firstsource Advantage, LLC (hereafter referred to as "Firstsource") files this Motion to Dismiss for Lack of Subject Matter Jurisdiction and states:

**A. Factual Background.**

This matter arises out of allegations that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, *et seq.* (the "FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stats., § 559.55, *et seq.* (the "FCCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), for attempting to collect an unpaid bill from Plaintiff. On September 10, 2010, Plaintiff filed a seven-count complaint against Defendant. Counts I through IV allege that Defendant violated the FDCPA. Counts V and VI allege that Defendant violated the FCCPA. Count VII alleges that Defendant violated the TCPA. The factual support for each claim is the same, i.e. messages left on Plaintiff's cell phone. *See,* Complaint at ¶10.

In Plaintiff's Complaint, under the FDCPA and the FCCPA, the Plaintiff seek only "statutory damages" along with attorney's fees and court costs.

On November 30, 2010, the Eleventh Circuit issued an unpublished order affirming this district court's opinion that the federal court does not possess subject matter jurisdiction over private causes of action under the TCPA. See attached Order.

**C. Legal Analysis.**

**1. Standard for deciding 12(b)(1) motions.**

Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: "facial attacks," which require a court to evaluate a pleading and determine if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction and "factual attacks," which challenge the "*existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings ... are considered.*" *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-1529 (11th Cir. 1990). The attack in this case is factual, meaning, "in short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* The allegation that the Court lacks subject matter jurisdiction is a defense that can never be waived or forfeited. *See, U.S. v. Cotton,* 535 U.S. 625, 630, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002).

In this matter, Defendant moves for dismissal of Count VII of Plaintiff's Complaint, under Rule 12(b)(1), because the federal court does not possess subject matter jurisdiction over private actions brought pursuant to the Telephone Consumer Protection Act ("TCPA")

The Eleventh Circuit has ruled that "federal courts lack subject matter jurisdiction of private actions under the [TCPA]." *See, Nicholson v. Hooters of Augusta*, 136 F.3d 1287, 1289 (11th Cir. 1998) *modified*, 140 F.3d 898 (11th Cir. 1998). Recently, the Southern District of Florida granted the Defendant's motion to dismiss finding that the federal court did not possess subject matter jurisdiction over claims brought by private individuals under the TCPA. See:

<u>Mims v. Arrow Financial Services</u>, LLC, 09-CV-22347 (S.D. Fla. 2009) *affirmed* <u>Mims</u>, 10-12077 (11th Cir. 2010)(unpublished) The Eleventh Circuit in <u>Mims</u>, in relying on its decision in <u>Nicholson</u>, held that since "Congress granted state courts exclusive jurisdiction over private actions under the Act" "federal courts lack subject matter jurisdiction over private actions under the Act" See: <u>Mims</u>, page 2 *citing* <u>Nicholson</u>, 136 F.3d 1287, 1288-89 (11th Cir. 1998*) modified*, 140 F.3d 898 (11th Cir. 2001)

Several other federal Circuit Courts that have considered the issue have also concluded that exclusive jurisdiction over TCPA claims rests in state court. *See, ErieNet, Inc., v. Velocity Net, Inc.*, 156 F.3d 513, 520 (3d Cir. 1998); *Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Servs., Ltd.*, 156 F.3d 432, 438 (2d Cir. 1998); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507, 514 (5th Cir. 1997); *International Science & Tech. Inst. v. Inacom Communs.,* 106 F.3d 1146, 1151 (4th Cir. 1997); *Murphey v. Lanier*, 204 F.3d 911, 913 (9th Cir. 2000).

## COMPLIANCE WITH LOCAL RULE 3.01(g)

The undersigned counsel, Ernest H. Kohlmyer, III, has made reasonable effort to confer with opposing counsel pursuant to Local Rule 3.01(g) via email and telephone, in an effort to resolve this matter in good faith and without judicial intervention but has been unable to do so. The undersigned will supplement this statement of compliance.

WHEREFORE, Defendant respectfully requests an Order from this Court dismissing the TCPA allegation this case for lack of jurisdiction.

Respectfully submitted,
/s/Ernest H. Kohlmyer, III
Ernest H. Kohlmyer, III, Esquire
Florida Bar No. 0110108

## **CERTIFICATE OF SERVICE**

I certify that the foregoing was filed and served on **December 21, 2010**, via the Court Clerk's CM/ECF system which will provide notice to the following:

>Donald A. Yarbrough, Esq.
>P.O. Box 11842
>Ft. Lauderdale, FL 33339

>/s/Ernest H. Kohlmyer, III
>Ernest H. Kohlmyer, III, Esquire
>Florida Bar No. 0110108
>SOUTH MILAHAUSEN, P.A.
>Gateway Center
>1000 Legion Place, Suite 1200
>Orlando, Florida   32801
>(407) 539-1638
>(407) 539-2679 (fax)
>skohlmyer@southmilhausen.com
>Attorney for Defendant