UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

LYNN A. PARISI,

    Plaintiff,

**CASE NO.: 8:10-cv-01991-EAK-EAJ**

    v.

FIRSTSOURCE ADVANTAGE, LLC,
    Defendant.
_____/

## **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Lynn A. Parisi, files this Opposition to Defendant's, Firstsource Advantage, LLC, Motion to Dismiss for Lack of Subject Matter Jurisdiction (DE 8) and, in support thereof, states as follows:

## **TCPA CLAIMS ENJOY SUPPLEMENTAL JURSIDICTION OVER RELATED FEDERAL QUESTION CLAIMS**

1.    Plaintiff does not deny that the federal court does not possess independent subject matter jurisdiction over private actions under the Telephone Consumer Protection Act ("TCPA"). However, Plaintiff has alleged in her Complaint (DE 1) *supplemental* jurisdiction under 28 U.S.C. § 1367 over Plaintiff's claim under the TCPA, the facts of which are intimately related to her claim under the Fair Debt Collection Practices Act ("FDCPA") which is properly before the Court under federal question jurisdiction. Plaintiff's claims under both acts arise out of Defendant's telephone calls to Plaintiff. The content of these calls that Plaintiff alleges violates the FDCPA and the manner of placement, using automated dialing technology to which Plaintiff did not consent, violates the TCPA. The facts supporting each claims are so intimately related and

intertwined that the TCPA claim is properly before the Court on supplemental jurisdiction.

    2.    Regarding supplemental jurisdiction, in *Mergens v. Dreyfoos*, the Eleventh Circuit stated "[d]iscretion over pendant state claims is expressly conferred to district courts by statute" *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 2009).

> …Nevertheless, federal courts may exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367(a), which provides that 'in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.' Accordingly, I will exercise supplemental jurisdiction over the claims set out in Counts III through VI.

See: Order Granting In Part and Denying in Part Defendant's Motion to Dismiss (DE 24), (Denying Motion to Dismiss and exercising supplemental jurisdiction over the state law claims) *Mendez, Khalilah M.. v Phillips & Cohen Associates, Ltd.,* Case No.: 09-21467-Civ-Gold/McAliley (S.D. Fla October 15, 2009).

    3. All of Defendant's violations arise out of the same conduct – Defendant's telephone calls to Plaintiff. The claims are so interrelated that they form part of the same controversy, and thus supplemental jurisdiction under 28 U.S.C. § 1367 is appropriate. For this reason, Plaintiff respectfully requests that the Court deny Defendant's motion.

    Respectfully submitted,

    DONALD A. YARBROUGH, ESQ.
    Attorney for Plaintiff
    Post Office Box 11842
    Fort Lauderdale, Florida 33339
    Telephone: (954) 537-2000
    Facsimile: (954) 566-2235

donyarbrough@mindspring.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

LYNN A. PARISI,

    Plaintiff,

**CASE NO.: 8:10-cv-01991-EAK-EAJ**

    v.

FIRSTSOURCE ADVANTAGE, LLC,
    Defendant.
_____/

## **CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on January 21, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                 s/Donald A. Yarbrough
                                                 Donald A. Yarbrough, Esq.

## **SERVICE LIST**

Mr. Ernest H. Kohlmyer, III, Esq.
South Milhausen, P.A.
Gateway Center, Suite 1200
1000 Legion Place
Orlando, FL 32801
Telephone: 407-539-1638
Facsimile: 407-539-2679

Via Notices of Electronic Filing generated by CM/ECF